BASILLA v AETNA INSURANCE CORP. Appeal from Ingham, Jack W. Warren, J. Submitted Division 2 November 9, 1971, at Lansing. (Docket No. 10716.) Decided January 27, 1972. Leave to appeal denied, 387 Mich 774.

*Abood, Abood & Abood*, for plaintiff.

*Foster, Lindemer, Swift & Collins*, for defendant.

Before: MCGREGOR, P. J., and FITZGERALD and QUINN, JJ.

MEMORANDUM OPINION. On appeal, plaintiff contends that the "physical contact" provision of her automobile insurance policy, which requires that there must be physical contact with an unidentified vehicle before the insurer becomes liable under said provision, is void as against public policy. Plaintiff relies on MCLA 257.1112; MSA 9.2812 in support of her contention.

In 1968, the Legislature amended MCLA 257.1112; MSA 9.2812; its amended form states that as a condition precedent to recovery from the Motor Vehicle Accident Claims Fund in a case involving injuries caused by an unidentified motorist, the plaintiff must establish that there was "physical contact by the unidentified vehicle

with the plaintiff or with a vehicle occupied by the plaintiff". MCLA 257.1112; MSA 9.2812. The action of the Legislature in adopting this provision clearly establishes that such provisions are not contrary to the public policy of this state.

Furthermore, the question raised herein by plaintiff was considered by this Court in *Citizens Mutual Insurance Co* v *Jenks*, 37 Mich App 378 (1971), and plaintiff's contentions were rejected there. That case controls and the judgment of the trial court is affirmed.

Costs to defendant.