Rose ROHRET, Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and the Hartford Accident and Indemnity Company, Appellees.

No. 61910.

Supreme Court of Iowa.

March 21, 1979.

John T. Nolan, of Nolan, Lucas & Nolan, Iowa City, for appellant.

Wayne C. Collins and Richard C. Garberson, of Shuttleworth & Ingersoll, Cedar Rapids, for appellee State Farm.

Raymond R. Stefani, of Silliman, Gray & Stapleton, Cedar Rapids, for appellee Hartford Accident & Indemnity.

Considered by LeGRAND, P. J., and UHLENHOPP, HARRIS, McCORMICK and ALLBEE, JJ.

UHLENHOPP, Justice.

This appeal presents the question of whether our uninsured motorist statute authorizes a policy clause requiring physical contact when the third-party motorist is not identified. The legislature provided in the pertinent part of section 516A.1, The Code 1977:

> No automobile liability or motor vehicle liability insurance policy insuring against liability for bodily injury or death arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state, unless coverage is provided in such policy or supplemental thereto, for the protection of persons insured under such policy who are legally entitled to recover damages from the owner or operator of an uninsured motor vehicle or a hit-and-run motor vehicle because of bodily injury, sickness, or disease, including death resulting therefrom, caused by accident and *arising out of the ownership, maintenance, or use*

of such uninsured motor vehicle, or aris-
ing out of physical contact of such hit-
and-run motor vehicle with the person
insured or with a motor vehicle which the
person insured is occupying at the time of
the accident. (Emphasis added.)

The statute thus requires coverage in two
situations: when the damage arose out of
(1) "the ownership, maintenance, or use of
such uninsured motor vehicle" or (2) "physi-
cal contact of such hit-and-run motor vehi-
cle."

In this case plaintiff Rose Ann Rohret
was an "insured" under automobile policies
of defendants State Farm and Hartford
Accident & Indemnity. She sued those in-
surers on their policies alleging that she
was injured when the car in which she was
riding went off the road to avoid colliding
with an oncoming car, that the two cars did
not collide, and that the oncoming car con-
tinued on and was never identified. The
insurers moved for judgment on the plead-
ings on the ground that no physical contact
occurred. The trial court gave judgment in
accordance with the motions. Rohret ap-
pealed.

■■■ Rohret is right that we read the
statute into the policies. *Benzer v. Iowa
Mutual Tornado Insurance Association,* 216
N.W.2d 385, 388 (Iowa 1974). She is also
right that our statute is "double barreled,"
as she puts it; the statute covers accidents
with uninsured motorists and with unidenti-
fied motorists when physical contact occurs.
She must bring her case within one or the
other of the two alternatives. She does not
allege and has no way of proving under the
first alternative that the third-party motor-
ist was uninsured. She does not allege un-
der the second alternative that physical con-
tact occurred; on the contrary, she alleges
contact did not occur. In this predicament
she places primary emphasis on the first
alternative; she claims that in the case of a
non-contact unidentified motorist, a pre-
sumption arises that the motorist was unin-
sured. Hence she argues she can have re-
covery under the "uninsured motorist"
clause, citing *DeMello v. First Insurance
Co.,* 55 Haw. 519, 523 P.2d 304 (1974).

While other courts have not found that
such a presumption arises, e. g., *Lenngren
v. Travelers Indemnity Co.,* 26 Misc.2d 1084,
1085, 203 N.Y.S.2d 136, 137 (Sup.Ct:1960),
aff'd mem., 20 A.D.2d 850, 249 N.Y.S.2d 400
(1964), the primary difficulty with Rohret's
reliance on *DeMello* is that the Hawaii and
Iowa statutes are different. Three main
types of statutes exist in this area. *Clark
v. Regent Insurance Co.,* 270 N.W.2d 26, 28
(S.D.1978); see also 11 Creighton L.Rev.
222, 223 n. 6 (1977). One type requires
insurance coverage simply as to uninsured
motorists, and Hawaii falls within this gen-
eral category. A number of states with
such statutes have indeed held that their
statutes require coverage of damage caused
by an unidentified motorist without con-
tact. Among these decisions are *State
Farm Fire & Casualty Co. v. Lambert,* 291
Ala. 645, 285 So.2d 917 (1973); *Farmers
Insurance Exchange v. McDermott,* 34 Colo.
App. 305, 527 P.2d 918 (1974); *Brown v.
Progressive Mutual Insurance Co.,* 249
So.2d 429 (Fla.1971), rev'g 229 So.2d 645
(Dist.Ct.App.1969); *DeMello v. First Insur-
ance Co.,* 55 Haw. 519, 523 P.2d 304 (1974);
*Montoya v. Dairyland Insurance Co.,* 394
F.Supp. 1337 (D.N.M.1975); and *Webb v.
United Services Automobile Association,*
227 Pa.Super. 508, 323 A.2d 737 (1974). But
most states with such statutes hold the oth-
er way. Among such decisions are *Balestri-
eri v. Hartford Accident & Indemnity In-
surance Co.,* 112 Ariz. 160, 540 P.2d 126
(1975), vacating 22 Ariz.App. 255, 526 P.2d
779 (1974); *Ward v. Consolidated Under-
writers,* 259 Ark. 696, 535 S.W.2d 830
(1976); *Rosnick v. Aetna Casualty & Surety
Co.,* 172 Conn. 416, 374 A.2d 1076 (1977);
*Ely v. State Farm Mutual Automobile In-
surance Co.,* 148 Ind.App. 586, 268 N.E.2d
316 (1971); *Jett v. Doe,* 551 S.W.2d 221
(Ky.1977) (statute allowed insurance compa-
ny to define uninsured); *Collins v. New
Orleans Public Service, Inc.,* 234 So.2d 270
(La.Ct. of App.1970); *Ward v. Allstate In-
surance Co.,* 514 S.W.2d 576 (Mo.1974);
*Buckeye Union Insurance Co. v. Cooper-
man,* 33 Ohio App.2d 152, 293 N.E.2d 293
(1972); *Smith v. Allstate Insurance Co.,* 224

Tenn. 423, 456 S.W.2d 654 (1970); *Phelps v. Twin City Fire Insurance Co.,* 476 S.W.2d 419 (Tex.Civ.App.1972); and *Amidzich v. Charter Oak Fire Insurance Co.,* 44 Wis.2d 45, 170 N.W.2d 813 (1969).

A second type of statute requires coverage as to uninsured motorists and hit-and-run motorists. Here again the courts are divided. Some hold that these statutes provide mandatory coverage as to the unidentified motorist although contact does not occur. *State Farm Mutual Automobile Insurance Co. v. Abramowicz,* 386 A.2d 670 (Del. 1978), aff'g 369 A.2d 691 (Super.Ct.1977); *State Farm Mutual Automobile Insurance Co. v. Maryland Automobile Insurance Fund,* 277 Md. 602, 356 A.2d 560 (1976); *Halseth v. State Farm Mutual Automobile Insurance Co.,* 268 N.W.2d 730 (Minn.1978); *Soule v. Stuyvesant Insurance Co.,* 116 N.H. 595, 364 A.2d 883 (1976); *Biggs v. State Farm Mutual Automobile Insurance Co.,* 569 P.2d 430 (Okl.1977); *Clark v. Regent Insurance Co.,* 270 N.W.2d 26 (S.D.1978); *Doe v. Brown,* 203 Va. 508, 125 S.E.2d 159 (1962); *Hartford Accident & Indemnity Co. v. Novak,* 83 Wash.2d 576, 520 P.2d 1368 (1974). Some decisions uphold a policy requirement of physical contact under these statutes. *Prosk v. Allstate Insurance Co.,* 82 Ill.App.2d 457, 226 N.E.2d 498 (1967); *Grace v. State Farm Mutual Automobile Insurance Co.,* 197 Neb. 118, 246 N.W.2d 874 (1976); *Hendricks v. United States Fidelity & Guaranty Co.,* 5 N.C.App. 181, 167 S.E.2d 876 (1969).

▆ Iowa falls within the third type of statute, found in a few states: mandatory coverage as to uninsured motorists and also as to hit-and-run motorists where physical contact occurs. The courts which have considered claims under such statutes have enforced the physical contact requirement in the unidentified motorist situation such as we have here. *Orpustan v. State Farm Mutual Automobile Insurance Co.,* 7 Cal.3d 988, 103 Cal.Rptr. 919, 500 P.2d 1119 (1972); *State Farm Mutual Automobile Insurance Co. v. Carlson,* 130 Ga.App. 27, 202 S.E.2d 213 (1973); *Basilla v. Aetna Insurance Corp.,* 38 Mich.App. 260, 195 N.W.2d 893

(1972) (*mem.*); *Smith v. Great American Insurance Co.,* 29 N.Y.2d 116, 324 N.Y.S.2d 15, 272 N.E.2d 528 (1971); *Coker v. Nationwide Insurance Co.,* 251 S.C. 175, 161 S.E.2d 175 (1968). The court stated as the rationale in *Orpustan,* 7 Cal.3d at 994, 103 Cal. Rptr. at 923, 500 P.2d at 1123:

> The statute makes proof of physical contact a condition precedent in every case for the recovery of damages caused by an unknown vehicle. There are no exceptions. If it is advisable that the statute be changed, the solution lies within the province of the Legislature. *The court has no right to legislate the proviso from the statute or emasculate its application under the guise of judicial interpretation.* (Emphasis added.)

A commentator stated regarding statutes of the Iowa type:

> A legislative variety of the uninsured motorist statute most nearly paralleling the standard endorsement has been adopted in only a handful of states, and enumerates three conditions precedent to recovery. [The first requirement is] that the bodily injury must arise out of *physical contact* [emphasis in original] of the automobile with the insured or with an automobile which the insured is occupying . . . . By detailing the conditions of recovery with this high degree of specificity and by statutorily defining as coextensive the statute's and endorsement's scopes of coverage, *the interpretive flexibility necessary to find a conflict between the physical contact provision and the statute's underlying policy considerations is effectively withdrawn from the judiciary.* [Emphasis added.] Collins, *The Uninsured Motorist Statute and the Phantom Vehicle: A View From the Southwest,* 43 Ins. Counsel J. 358, 361 (1976).

We endeavor to avoid rendering any part of a statute superfluous, and we consider all parts together. *Hanover Insurance Co. v. Alamo Motel,* 264 N.W.2d 774, 778 (Iowa 1978). If we held that this case comes within the first clause as to "uninsured motorists" we would read the physical contact requirement of the second clause out of

the statute, yet the legislature must have inserted the requirement of physical contact for a purpose. *See* Annot., 25 A.L.R.3d 1299.

We conclude that Rohret cannot bring herself within the coverage for want of physical contact.

The trial court was right in sustaining the motions.

AFFIRMED.