Michaela MORITZ, By and Through her legally authorized representatives George MORITZ and Joan Moritz; George Moritz, Individually; and Joan Moritz, Individually, Appellants,

v.

FARM BUREAU MUTUAL INSURANCE COMPANY, Appellee,

John Doe, Defendant.

No. 88–404.

Supreme Court of Iowa.

Jan. 25, 1989.

Bryan J. Arneson of Bikakis, Vohs, Storm & Arneson, Sioux City, for appellants.

Gale E. Juhl of Morain, Burlingame, Pugh, Juhl & Peyton, West Des Moines, for appellee.

Considered by McGIVERIN, C.J., and LARSON, SCHULTZ, CARTER and ANDREASEN, JJ.

SCHULTZ, Justice.

An action to enforce the uninsured motorist clause of an automobile insurance policy is the basis for this appeal. The determinant issue is whether an unknown vehicle with an unidentified driver which forced the insured vehicle off of a highway, without contact between the vehicles, is an uninsured motorist under the terms of the policy. In ruling on a motion for summary judgment, the trial court held that contact between the vehicles is a prerequisite to coverage under the policy definition of an uninsured motorist. We affirm.

Farm Bureau Mutual Insurance Company (insurer) insured a vehicle that was involved in an accident in September of 1986. Neither the owner, nor his son who lent the car to a third individual, were in the vehicle when it ran off the highway. The driver of

the vehicle maintained she was forced off the road by an unknown vehicle driven by an unidentified driver. A passenger, Michaela Moritz, was injured when the car hit a tree.

Michaela and her parents, George and Joan Moritz (hereinafter collectively referred to as plaintiff), commenced this action against the insurer. Two counts of a multi-count petition claimed that under the policy's uninsured motorist clause, the insurer was liable for her damages caused by an unidentified motorist. In sustaining the insurer's motion for summary judgment, the district court dismissed these two counts. Plaintiff asserts that although there was no physical contact between the phantom vehicle and the car in which she was riding, the insurance policy and the Iowa Uninsured Motorist Statute, Iowa Code section 516A.1 (1988), should be construed to provide her coverage. Alternatively, plaintiff claims that section 516A.1 is unconstitutional based on equal protection concerns.

■ I. *Construction.* Plaintiff urges that her uninsured motorist claim was not barred by the insurer's policy. She concedes that in *Rohret v. State Farm Mutual Automobile Insurance Company,* 276 N.W.2d 418 (Iowa 1979), this court held that our uninsured motorist statute, which requires mandatory uninsured motorist coverage to victims of hit-and-run accidents, authorizes a policy clause requiring physical contact with the unidentified motorist. *Id.* at 420–21. However, she maintains the policy still may be interpreted under the doctrine of reasonable expectations to permit coverage.

The uninsured motorist statute is read into the policy in our review. *Id.* at 419. It provides in pertinent part:

No automobile liability ... insurance policy ... shall be delivered ... unless coverage is provided ... for the protection of persons insured under such policy who are legally entitled to recover damages from the owner or operator of an uninsured motor vehicle or *a hit-and-run motor vehicle* ... because of bodily injury ... resulting therefrom, caused by

accident and arising out of the ownership, maintenance, or use of such uninsured ... motor vehicle, *or arising out of physical contact of such hit-and-run motor vehicle ... with a motor vehicle which the person is occupying at the time of the accident.*

Iowa Code § 516A.1. (emphasis added).

In *Rohret,* we pointed out that our statute is "double barreled" because it "covers accidents with uninsured motorists and with unidentified motorists when physical contact occurs." 276 N.W.2d at 419. Some jurisdictions afford a presumption that an unidentified motorist is uninsured. *Id.* at 419–20. However, we held that our statute specifically requires physical contact when the accident is caused by an unidentified driver to provide coverage. *Id.* at 421.

This insurer's policy is similar to the statute's language, defining "uninsured motor vehicle" as:

3. a "hit-and-run" land motor vehicle whose owner or driver remains unknown and which *strikes:*

   a. the insured or

   b. the vehicle the insured is occupying and causes bodily injury to the insured.

Therefore, under this policy's specific provision requiring the phantom car to "strike" the insured vehicle and our prior holding in *Rohret,* plaintiff cannot recover under the policy.

Nevertheless, plaintiff asserts the doctrine of reasonable expectations should permit coverage. She urges that a factfinder could determine that an insurance consumer would not have reasonably expected coverage to be dependent upon whether the uninsured vehicle actually struck the insured car.

This court formally adopted the doctrine of reasonable expectations in *Rodman v. State Farm Mutual Automobile Insurance Co.,* 208 N.W.2d 903 (Iowa 1973). The doctrine is a fundamental approach to insurance policy interpretation and is based on the concept that policy language will be construed as the insured layperson would

understand it, rather than by the interpretation of sophisticated underwriters. *Id.* at 906. The rationale for this doctrine places substance over form in an insurance policy to assure that the reasonable expectations of the insured may not be frustrated. *Farm Bureau Mut. Ins. Co. v. Sandbulte,* 302 N.W.2d 104, 112 (Iowa 1981). Reasonable expectations allowing application of the doctrine may arise out of evidence of the underlying negotiations or may be inferred from the circumstances under which the policy was procured and issued. *Cairns v. Grinnell Mut. Ins. Co.,* 398 N.W.2d 821, 825 (Iowa 1987); *Sandbulte,* 302 N.W.2d at 112. The doctrine will apply to a policy exclusion which "(1) is bizarre or oppressive, (2) eviscerates terms explicitly agreed to, or (3) eliminates the dominant purpose of the transaction." *Sandbulte,* 302 N.W.2d at 112.

■ In reviewing a motion for summary judgment, the burden is on the movant to show the absence of any issue of material fact and entitlement to judgment. *Davis v. Comito,* 204 N.W.2d 607, 612 (Iowa 1973). If the moving party has properly supported the motion, the adverse party's response may not rest upon a mere denial, but must show there is a genuine issue of fact. Iowa R. of Civ.P. 237(e).

In resisting defendant's motion for summary judgment, plaintiff failed to assert facts to the court that would require an evidentiary hearing. The plaintiff's only claim of a contested issue of fact is that a factfinder could find the policy purchaser would not have expected that the uninsured motorist coverage would be dependent upon a hit-and-run driver having physical contact with the insured vehicle. She does not rely upon any specific fact arising out of the negotiation or purchase of this policy to support her theory. This general claim fails to raise any issue of fact applicable to the purchase of this particular policy, but simply raises a claim available to any person purchasing a similar policy. In the absence of extrinsic evidence which aids in the interpretation of the policy, the meaning to be given to contractual terms of the policy is to be determined by the court. *C & J Fertilizer, Inc. v. Allied Mut. Ins. Co.,* 227 N.W.2d 169, 172 (Iowa 1975). Consequently, the district court properly determined that there was no genuine issue of fact and interpreted the policy as a matter of law.

In its ruling on the merits of the motion for summary judgment, the district court had before it plaintiff's claim of reasonable expectations. We indicated in *C & J Fertilizer* that in construing and applying a standardized contract, courts seek to effect reasonable expectations. 227 N.W.2d at 172 (quoting *Restatement (Second) of Contracts* § 237 comment e, p. 540 (Student Ed., Tent. Drafts Nos. 1–7, 1973)). The district court rejected plaintiff's contentions and refused to rewrite section 516A.1 and redefine the policy terms, citing *Rohret,* in which we stated:

> The statute makes proof of physical contact a condition precedent in every case for the recovery of damages caused by an unknown vehicle.... The court has no right to legislate the proviso from the statute or emasculate its application under the guise of judicial interpretation.

276 N.W.2d at 420 (Iowa 1979) (emphasis omitted) (quoting *Orpustan v. State Farm Mut. Auto. Ins. Co.,* 7 Cal.3d 988, 994, 103 Cal.Rptr. 919, 923, 500 P.2d 1119, 1123 (1972)). The trial court correctly found that this policy's language cannot be construed to include the plaintiff under its coverage.

■ II. *Equal Protection.* Alternatively, plaintiff contends that section 516A.1 is unconstitutional as violative of the equal protection clauses of the Iowa and United States Constitutions. Plaintiff asserts that the physical contact requirement of this statute is so overinclusive and underinclusive in relation to its goal that it cannot reasonably further that goal.

When neither a suspect classification nor a fundamental right is involved, as defined by the United States Supreme Court, a traditional equal protection analysis is applied. *Rudolph v. Iowa Methodist Medical Center,* 293 N.W.2d 550, 557 (Iowa 1980). The plaintiff has the heavy burden of showing the statute unconstitutional and must

negate every reasonable basis upon which the classification may be sustained. *Bierkamp v. Rogers,* 293 N.W.2d 577, 579–80 (Iowa 1980).

This statute requires insurance policies to provide coverage for damages arising out of hit-and-run accidents only when there is physical contact. The requirement of physical contact "is designed to attempt to assure that an accident in fact took place involving another car rather than a situation where the claimant ran off the road or otherwise caused his own accident." B. Couch, 12A *Cyclopedia of Insurance Law,* § 45.643, p. 170 (rev.ed. 1981). We believe this premise furnishes a reasonable ground for the physical contact requirement.

The California Supreme Court has upheld its similarly worded statute under an identical equal protection attack. In relevant part, the court stated:

> [T]he recognized purpose of the physical contact requirement is reduction of the possibility that a motorist who loses control of his vehicle through his own negligence will be able to recover under the uninsured motorist coverage by alleging that an unknown vehicle caused the injuries complained of. Such premise for the requirement furnishes a reasonable ground of classification; the requirement bears a reasonable relationship to the objective it seeks to promote. When that is true, the constitutional demand for equal protection of the laws is satisfied.

*Orpustan,* 7 Cal.3d at 994, 103 Cal.Rptr. at 923, 500 P.2d at 1123; *see also Sapp v. State Farm Auto Ins. Co.* 272 S.C. 301, 251 S.E.2d 745, 746 (1979).

III. *Disposition.* Plaintiff raises one final point. In addition to the counts previously discussed, her petition contains counts V and VI, claiming coverge from the insurer because her driver was an uninsured motorist. She contends the trial court erred in dismissing "this lawsuit," seemingly in its entirety. We do not construe the district court's ruling to sweep so broadly. The insurer's motion for summary judgment was directed solely at the coverage claims arising from the unidentified driver and relied upon the defense of lack of physical contact. This is inapposite to the claim that plaintiff, as a passenger in an insured vehicle, was an insured under the policy and that her driver was uninsured. The trial court did not pass on this issue and neither do we. We construe the trial court's ruling to dismiss only the applicable counts III and IV, leaving counts V and VI as pending claims against the insurer at this point in the proceeding.

In summary, we decline to construe insurer's policy to provide uninsured motorist coverage under the hit-and-run definition when there is no physical contact. We also find no equal protection violation in section 516A.1. We affirm the dismissal of counts III and IV of plaintiff's petition.

AFFIRMED.