**Melissa H. CLAUDE, as Administrator of the Estate of John D. Mahoney and as Administrator of the Estate of Elizabeth A. Mahoney, Appellant,**

v.

**GUARANTY NATIONAL INSURANCE COMPANY, d/b/a Orion Auto Insurance, Inc., Appellee.**

No. 03–0554.

Supreme Court of Iowa.

May 12, 2004.

John D. Jordan of Payer, Jordan, Mahoney, Jordan, Quinn, Hunziker & Rhodes, L.L.P., Boone, for appellant.

Timothy A. Clausen and Justin L. Seurer of Klass, Stoik, Mugan, Villone, Phillips, Orzechowski, Clausen & Lapierre, L.L.P., Sioux City, for appellee.

TERNUS, Justice.

The plaintiff's petition seeking uninsured motorist benefits for the deaths of her parents was dismissed on the defendant insurer's motion for summary judgment. The district court ruled the decedents' injuries were not caused by a "hit-and-run vehicle" because there was no "actual physical contact" between the decedents' vehicle and the vehicle of the alleged uninsured motorist, as required by the policy definition of "uninsured motor vehicle." The court concluded the policy requirement of physical contact did not violate public policy even where, as here, there was independent evidence that an unknown motorist caused the accident. The district court also rejected the plaintiff's equal protection challenge to Iowa Code section 516A.1 (2001), which authorizes the physical-contact requirement when a claim for uninsured motorist coverage is based on the conduct of a hit-and-run driver. Upon consideration of the plaintiff's arguments on appeal, we affirm the district court's ruling.

I. *Background Facts and Proceedings.*

On October 28, 2001, John and Betty Mahoney were killed in a motor vehicle accident when their van collided with an oncoming semi. The Mahoney vehicle entered the path of the semi in an attempt to avoid a head-on collision with a speeding car that was passing the semi in a no-passing zone.

The driver of the passing car did not stop and was never identified. Five disinterested persons witnessed the accident, however, and reported that the unknown vehicle forced the Mahoney van off the road, causing the Mahoneys to lose control of their van and collide with the semi.

The Mahoneys' adult daughter, Melissa Claude, submitted a claim on behalf of her parents' estates to the defendant, Guaranty National Insurance Company, d/b/a Orion Auto Insurance Inc., (Orion) to recover uninsured motorist (UM) benefits under a policy issued by Orion to Betty Mahoney. That policy provided coverage for "damages for bodily injury which an insured person is legally entitled to recover from the owner or operator of an uninsured motor vehicle." An "uninsured motor vehicle" was defined in the policy to include

(C) A hit-and-run vehicle whose operator or owner is unknown and which strikes:

(i) You [an insured person].

(ii) A vehicle which you are occupying.

(iii) Your insured car.

*There must be actual physical contact with the hit-and-run vehicle.*

(Emphasis added.) Orion denied coverage because there was no physical contact between the Mahoney van and the unknown vehicle as required by the insurance contract.[1]

---

1. Although the policy also covered insured persons entitled to recover damages from the

operator of "a motor vehicle which is ... [n]ot insured by a bodily injury liability bond

The plaintiff filed this action, seeking uninsured motorist benefits. In response to a request for admissions, the plaintiff admitted there was no physical contact between the Mahoney van and the car driven by the alleged tortfeasor. Concluding the material facts were not in dispute, the district court sustained Orion's motion for summary judgment on the basis the unknown motorist was not operating an uninsured motor vehicle as defined in the policy. This appeal followed.

## II. *Scope of Review.*

■■■ Our review of a ruling on a motion for summary judgment is for correction of errors of law. *Lee v. Grinnell Mut. Reinsurance Co.,* 646 N.W.2d 403, 406 (Iowa 2002). Where the moving party has shown that no genuine issue of material fact exists and the party is entitled to judgment as a matter of law, summary judgment is appropriate and will be affirmed. *Id.* Where, as here, the material facts are not disputed, our only task on appeal is to determine whether the district court correctly applied the law. *Id.*

## III. *Issues on Appeal.*

The plaintiff makes three arguments in support of her position that the trial court should not have granted judgment to the defendant. First, she claims strict enforcement of the physical contact requirement is against public policy, at least under the facts of this case. Second, she contends the correlative physical-contact requirement in the uninsured motorist statute, section 516A.1, violates the Equal Protection Clauses of the federal and state constitutions. *See* U.S. Const. amend. XIV, § 1; Iowa Const. art. I, § 6. Finally,

she asserts the district court erred in failing to apply the doctrine of reasonable expectations to permit coverage. Because the plaintiff did not raise the theory of reasonable expectations in the district court proceeding, error was not preserved on that issue and we will not address it on appeal. *See State Farm Mut. Auto. Ins. Co. v. Pflibsen,* 350 N.W.2d 202, 206 (Iowa 1984) (refusing to consider reasonable expectations argument on appeal when not raised in the district court). *See generally Moritz v. Farm Bureau Mut. Ins. Co.,* 434 N.W.2d 624, 626 (Iowa 1989) (rejecting insured's reasonable expectations challenge to physical-contact requirement).

## IV. *Public Policy.*

■■ The physical-contact requirement of Orion's policy finds its genesis in Iowa's uninsured motorist statute. Section 516A.1 provides in relevant part:

No automobile liability or motor vehicle liability insurance policy ... shall be delivered or issued for delivery in this state ... unless coverage is provided in such policy or supplemental thereto, for the protection of persons insured under such policy who are legally entitled to recover damages from the owner or operator of an uninsured motor vehicle or a hit-and-run motor vehicle ... because of bodily injury, sickness, or disease, including death resulting therefrom, caused by accident and arising out of the ownership, maintenance, or use of such uninsured ... vehicle, or *arising out of physical contact of such hit-and-run motor vehicle with the person insured or with a motor vehicle which the person insured is occupying at the time of the accident....*

or policy at the time of the accident," the plaintiff was unable to establish coverage under this provision because the driver of the other vehicle was never identified. Therefore,

the plaintiff was not able to prove the tortfeasor was driving a vehicle that was not insured.

Iowa Code § 516A.1 (emphasis added). In *Rohret v. State Farm Mutual Automobile Insurance Co.,* 276 N.W.2d 418 (Iowa 1979), this court held section 516A.1 authorized a policy clause such as that found in Orion's policy requiring physical contact when the tortfeasor motorist is not identified. 276 N.W.2d at 418.

To avoid the terminal effect of this decision, the plaintiff argues the physical-contact requirement is against public policy and, therefore, unenforceable. She points out that this condition is designed to reduce " 'the possibility that a motorist who loses control of his vehicle through his own negligence will be able to recover under the uninsured motorist coverage by alleging that an unknown vehicle caused the [insured's] injuries.' " *Moritz,* 434 N.W.2d at 627 (citation omitted). The plaintiff asserts this possibility is not present here because there are five disinterested witnesses who confirm that an unknown motorist caused the accident. Such independent corroboration was not present, she points out, in the *Rohret* case. Because it is present here, she claims it would be against public policy to deny recovery simply because there was no physical contact.

■ The flaw in this argument is that "public policy" is not determined by this court's "generalized concepts of fairness and justice" or our determination of what might be most just in a particular case. *Harvey v. Care Initiatives, Inc.,* 634 N.W.2d 681, 686 (Iowa 2001). " 'We must look to the Constitution, statutes, and judicial decisions of [this] state, to determine [our] public policy and that which is not prohibited by statute, condemned by judicial decision, nor contrary to the public morals contravenes no principle of public policy.' " *In re Marriage of Witten,* 672 N.W.2d 768, 780 (Iowa 2003) (citation omitted); *accord Principal Cas. Ins. Co. v. Blair,* 500 N.W.2d 67, 69 (Iowa 1993)

(holding family exclusion provision in homeowners insurance policy did not violate public policy, noting the insureds had not identified any statute or court case that required coverage under the circumstances present in that case).

The provision at issue here does not violate public policy because it was specifically authorized by the general assembly in section 516A.1. *See Wold v. Progressive Preferred Ins. Co.,* 52 P.3d 155, 161 (Alaska 2002) (holding physical-contact requirement did not violate public policy where uninsured motorist statute expressly required direct physical contact, noting statutes themselves reflect the state's public policy); *Basilla v. Aetna Ins. Corp.,* 38 Mich.App. 260, 195 N.W.2d 893 (Mich.Ct. App.1972) (holding physical-contact requirement in automobile policy did not violate public policy where same requirement was a statutory prerequisite to recovery from the motor vehicle accident claims fund based on injuries caused by an unidentified vehicle). Therefore, contrary to the plaintiff's contention, the physical-contact requirement reflects and is consistent with the public policy of this state. Although the plaintiff is correct in asserting that the legislature's intent in requiring UM coverage was to extend insurance benefits to the victims of uninsured or unknown motorists, *see Douglass v. Am. Family Mut. Ins. Co.,* 508 N.W.2d 665, 667 (Iowa 1993), *overruled on other grounds by Hamm v. Allied Mut. Ins. Co.,* 612 N.W.2d 775, 784 (Iowa 2000), this desire was implemented with certain specified restrictions, including the requirement of physical contact when the tortfeasor's identity is unknown. This court will not expand the reach of a statute where, as here, the "legislature has weighed in on the issue and [has] established the parameters of the governing public policy." *Harvey,* 634 N.W.2d at 686; *see Rohret,*

276 N.W.2d at 420 (quoting observation of commentator that when UM statute requires physical contact, " '[t]he interpretive flexibility necessary to find a conflict between the physical contact provision and the statutes underlying policy considerations is effectively withdrawn from the judiciary (citation omitted' ")).[2]

## V. *Equal Protection.*

■ The plaintiff asks us to revisit our conclusion in *Moritz* that the physical-contact requirement of section 516A.1 does not violate the Equal Protection Clauses of the Iowa and United States constitutions.[3] 434 N.W.2d at 626–27. Although we have reexamined our decision in that case, for the reasons that follow, we find no basis to reach a different conclusion.

■ Because the statute at issue involves neither a fundamental right nor a suspect classification, it is subject to review under a rational basis standard. *Id.* at 626; *accord Bowers v. Polk County Bd. of Supervisors*, 638 N.W.2d 682, 689 (Iowa 2002). The rational basis test has been expressed as follows:

> "[T]he Equal Protection Clause is satisfied so long as there is a plausible policy reason for the classification, the legislative facts on which the classification is apparently based rationally may have been considered to be true by the governmental decisionmaker, and the relationship of the classification to its goal is

not so attenuated as to render the distinction arbitrary or irrational."

*Racing Ass'n v. Fitzgerald*, 675 N.W.2d 1, 7 (Iowa 2004) (quoting *Fitzgerald v. Racing Ass'n*, 539 U.S. 103, 107, 123 S.Ct. 2156, 2159, 156 L.Ed.2d 97, 103 (2003)).

In *Moritz*, we stated the physical-contact requirement was " 'designed to attempt to assure that an accident in fact took place involving another car rather than a situation where the claimant ran off the road or otherwise caused his own accident.' " 434 N.W.2d at 627 (quoting 12A George J. Couch, *Cyclopedia of Insurance Law* § 45.643, at 170 (rev. ed.1981)); *accord* 1 Alan I. Widiss, *Uninsured and Underinsured Motorist Insurance* § 9.2, at 565 (rev.2d ed.1999). This purpose is consistent with the intent of the legislature in requiring UM coverage, which was to provide innocent victims of an uninsured or unknown tortfeasor with the same protection that would be available had the tortfeasor carried the required minimum liability insurance coverage. *See Douglass*, 508 N.W.2d at 667. Thus, the legislature's goal of ensuring that a tortfeasor actually exists as a prerequisite to coverage is a "plausible policy reason" for the classification.

To accomplish the objective of ensuring the involvement of another motorist in the vehicular accident, the general assembly has distinguished between insureds injured in accidents where there is physical contact with an unknown vehicle and insureds

---

**2.** We do not find persuasive the contrary decision upon which the plaintiff relies, *Hamric v. Doe*, 201 W.Va. 615, 499 S.E.2d 619, 622 (1997). In that case, the West Virginia Supreme Court ruled "that some of the rationale underlying the physical contact requirement is unjustified and that this absolute standard for recovery should be abandoned." *Hamric*, 499 S.E.2d at 624. Such a decision, in the face of a clear statutory requirement of physical contact, is simply contrary to the principles of Iowa law governing our interpretation

and application of legislative enactments. Therefore, we decline to follow the *Hamric* decision. *See Wold*, 52 P.3d at 160–61 (refusing to follow *Hamric* because Alaska UM statute expressly required direct physical contact).

**3.** Neither party suggests that our analysis of the federal and state constitutional claims should be different. Therefore, our discussion applies to both.

injured in accidents where there is no physical contact, protecting only the former.[4] Common experience supports the conclusion that the legislature could rationally have considered the facts upon which this classification is based are true. Certainly, physical contact with another vehicle evidences some connection between that vehicle and the accident. On the other hand, the lack of physical contact leaves open the possibility that no other vehicle was actually involved in causing the insured's injuries.

The plaintiff's primary criticism of the legislative classification is that the relationship between the classification and the legislature's goal of preventing fraudulent claims is so attenuated that the classification is arbitrary. The plaintiff relies on our decision in *Bierkamp v. Rogers*, 293 N.W.2d 577 (Iowa 1980), where we struck down Iowa's guest statute as violative of the Iowa equality provision. We held the guest statute was so overinclusive and underinclusive that it did not reasonably further the legislative goal of avoiding collusive lawsuits. *Bierkamp*, 293 N.W.2d at 584. Our court noted that "[t]he certainty with which just claims are and would be barred and the relative ease with which collusion can be accomplished despite the statute is obvious." *Id.*

We do not think section 516A.1 suffers from the same infirmities this court discerned in the guest statute. We continue to believe, as we determined in *Moritz*, that section 516A.1 is not so overinclusive and underinclusive in relation to its goal ·that it does not reasonably further that goal. 434 N.W.2d at 626–27. The requirement of physical contact furthers the general assembly's objective to reduce the possibility of claims based on accidents that were not caused by another motorist. Moreover, unlike the guest statute, where numerous exceptions to the statute significantly diluted its effectiveness, *see Bierkamp*, 293 N.W.2d at 584 (noting exceptions rendered statute underinclusive), there are no exceptions to the physical-contact requirement of section 516A.1; when the accident involves a hit-and-run driver, there must be physical contact to qualify for UM benefits, *see Rohret*, 276 N.W.2d at 420 ("'The statute makes proof of physical contact a condition precedent in every case for the recovery of damages caused by an unknown vehicle. There are no exceptions.'" (Citation omitted.)). Thus, we cannot conclude that section 516A.1 involves the extreme degrees of overinclusion and underinclusion found unconstitutional in *Bierkamp*.

 We recognize the apparent unfairness of the physical-contact requirement as applied to the plaintiff's claim, which is not viable under the statute notwithstanding the fact five eyewitnesses can verify that an unknown vehicle caused the accident resulting in her parents' deaths. But the fact that a classification results in some injustice does not render the statute arbitrary or unreasonable. *Bowers*, 638 N.W.2d at 689. As this court stated in *Bierkamp*, "Classifications do not deny equal protection simply because they result in some inequality, but because the lines drawn do not rationally advance a legitimate government purpose." 293 N.W.2d at 581 (citations omitted). This distinction is critical here: despite the in-

4. The statute does not differentiate between "innocent victims" who had physical contact with an unknown vehicle and "innocent victims" who did not have physical contact with an unknown vehicle, as asserted by the plaintiff. Section 516A.1 distinguishes *claimants* who had physical contact from *claimants* who did not. A proper characterization of the classes created by the legislature is important in considering whether there is a rational basis for the legislative classification.

**666**

equity that may result in a particular case by application of the physical-contact requirement, we cannot say the legislative classification does not reasonably and rationally further the legislative goal of ensuring the involvement of another motorist in the accident. The statute may not result in perfect justice, but it does not violate the constitutional guaranties of equal protection.

## VI. *Conclusion.*

The physical-contact requirement of section 516A.1 does not contravene public policy. Nor does it violate the equality guaranties of the federal and state constitutions. Therefore, the policy provision requiring actual physical contact between an unknown motorist's vehicle and the insured or the insured's vehicle is enforceable.

Because it is undisputed here that there was no physical contact between the car of the unknown motorist involved in the accident causing the insureds' deaths and the Mahoneys' van, the district court correctly granted summary judgment to Orion. Accordingly, we affirm the judgment in favor of the defendant.

**AFFIRMED.**