429 S.E.2d 66

**Eric J. KEIPER, Plaintiff Below, Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and State Farm Insurance Companies, Defendants Below, Appellees.**

**No. 21239.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 26, 1993.

Decided March 25, 1993.

Robert D. Aitcheson, Charles Town, for appellant.

Curtis G. Power, III, Steptoe & Johnson, Martinsburg, for appellees.

NEELY, Justice:

Eric J. Keiper, a guest passenger in a car owned by Ernie M. Jones, appeals from a declaratory judgment holding that as non-household member, Mr. Keiper is not entitled to stack medical payments coverage and benefits under Mr. Jones' three separate insurance policies issued by State Farm Mutual Insurance Company. Because the language of the policies unambiguously precludes the stacking of medical payments, we affirmed the decision of the circuit court.

On 26 April 1989, Mr. Keiper, a guest passenger in a 1984 Buick owned by Mr. Jones and driven by his son, David R. Jones, was injured when the car left the road and struck a utility pole. Only the 1984 Buick was involved. As a result of the accident Mr. Keiper's medical expenses were in excess of $20,000.[1] Mr. Jones' insurance provided medical coverage of $10,000 per person on the Buick. Mr. Jones also had separate policies on the family's other two vehicles, which, except for a $25,000 limit, provided identical medical coverage. All of Mr. Jones' policies were issued by State Farm.

State Farm paid $10,000, the limit under the Buick's medical coverage, and refused to pay any medical expenses based on Mr. Jones' other two policies. Asserting that he is entitled to recover under Mr. Jones' other policies, Mr. Keiper filed an action for declaratory judgment in the Circuit Court of Jefferson County. The parties filed cross-motions for summary judgment. The circuit court granted summary judgment to State Farm, holding "[t]hat the Plaintiff, Eric J. Keiper cannot stack the

---

**1.** State Farm argues that when the suit was filed only $116 of Mr. Keiper's medical bills remained unpaid, because the bills were paid either by Mr. Keiper's parents or medical insurer.

medical payments coverage under the three Jones policies, because he is not a named insured on those policies." Mr. Keiper appeals to this Court arguing that Mr. Jones' insurance policies do not prohibit the stacking of the medical coverage.

The question of whether medical coverage in insurance policies can be stacked by a guest passenger has not previously been considered by this Court. However, in a series of opinions this Court has outlined when anti-stacking provisions for uninsured or underinsured motorist benefits are void under the uninsured motorist statute, *W.Va.Code* § 33–6–31 [1988]. *See* Syllabus Points 3 and 4, *Bell v. State Farm Mut. Auto. Ins. Co.*, 157 W.Va. 623, 207 S.E.2d 147 (1974) (anti-stacking provisions for uninsured motorist coverage are void and ineffective under the statute); *State Mut. Auto. Ins. Co. v. Youler*, 183 W.Va. 556, 564, 396 S.E.2d 737, 745 (1990) (legislature has a strong public policy that "in uninsured or underinsured motorist cases ... the injured person [should] be *fully compensated* for his or her *damages*" up to the limits of the uninsured or underinsured motorist coverage); *Russell v. State Auto. Mut. Ins. Co.*, 188 W.Va. 81, 422 S.E.2d 803 (1992) (neither the statute nor public policy requires the stacking of underinsured motorist coverage provided by a single insurance policy with a multi-car discount); *Starr v. State Farm Fire and Cas. Co.*, 188 W.Va. 313, 423 S.E.2d 922 (1992) (a policy can prohibit stacking of uninsured and underinsured benefits for a permissive user).

This Court also addressed the question of stacking of liability coverage in *Shamblin v. Nationwide Mut. Ins. Co.*, 175 W.Va. 337, 332 S.E.2d 639 (1985) (refused to allow stacking of liability insurance when the policy contained explicit anti-stacking language). We also note that the question of stacking of medical coverage in West Virginia has been discussed several times by the Federal District Court with different results. *See Moomaw v. State Farm Mut. Auto. Ins. Co.*, 379 F.Supp. 697 (S.D.W.Va.

1974) (held that based on a broad interpretation of *Bell, supra,* the stacking of medical coverage was allowed). *See also Moore v. State Farm Mut. Auto. Ins. Co.*, No. 2:87–0942 (S.D.W.Va. Feb. 16, 1989) (held that an insurance policy, by clear and unambiguous terms, can prohibit the stacking of medical coverage). *See also, Transamerica Ins. Co. v. Arbogast*, 662 F.Supp. 164, 165 (N.D.W.Va.1987) (held that a policy can exclude coverage for vehicles that were "owned but not insured for this coverage").

State Farm argues that the cases permitting stacking of coverage are distinguishable from the present case because public policy, as shown in the uninsured and underinsured motorist statute (*W.Va.Code* 33–6–31 [1988]), supports stacking.[2] State Farm maintains that the present case, similar to *Shamblin,* must be determined by the language of the insurance policy, which clearly prohibits the stacking of medical coverage and benefits. Although Mr. Keiper agrees that the policy language is controlling, Mr. Keiper maintains that the policy contains no anti-stacking language that would preclude his recovery under the other policies issued to Mr. Jones.

It is well-settled law in West Virginia that "[w]here provisions in an insurance policy are plain and unambiguous and where such provisions are not contrary to a statute, regulation, or public policy, the provisions will be applied and not construed." Syllabus Point 2, *Shamblin, supra;* Syllabus Point 2, *Deel v. Sweeney,* 181 W.Va. 460, 383 S.E.2d 92 (1989); Syllabus, *Farmers' & Merchants' Bank v. Balboa Ins. Co.,* 171 W.Va. 390, 299 S.E.2d 1 (1982); *Prete v. Merchants Property Ins. Co. of Indiana,* 159 W.Va. 508, 511, 223 S.E.2d 441, 443 (1976); *Tynes v. Supreme Life Ins. Co. of America,* 158 W.Va. 188, 209 S.E.2d 567 (1974); *Atkins v. Stonewall Cas. Co.,* 155 W.Va. 81, 88, 181 S.E.2d 269, 272 (1971). *See* Syllabus Point 1, *Russell, supra* (where clear and unambiguous insurance contract provisions exist, "full effect will be given to the plain meaning intended").

**2.** Although Mr. Keiper maintained below that stacking of medical coverage was supported by a strong public policy, on appeal Mr. Keiper's argument is based solely on an interpretation of the insurance policy.

The relevant portion of Mr. Jones' insurance policy states:

We will pay medical expenses for **bodily injury** sustained by:

1. a. the first **person** named in the declarations;
   b. his or her **spouse**; and
   c. their **relatives**.

These **persons** have to sustain the **bodily injury**:

a. while they operate or **occupy** a vehicle covered under the liability section; or

b. through being struck as a **pedestrian** by a motor vehicle or trailer. A **pedestrian** means a **person** not an occupant of a motor vehicle or trailer.

2. any other **person** while **occupying**:
   a. a vehicle covered under the liability coverage, except a **non-owned car**. Such vehicle has to be used by a **person** who is insured under the liability coverage.... [Emphasis in original.]

The coverage provisions of the policy indicate that State Farm will pay up to the stated limit—$10,000 for the 1984 Buick—to certain enumerated parties while they operate or occupy the vehicle covered under the liability section, which defines the vehicle as the car that the policy covers, namely the 1984 Buick. Because each of Mr. Jones' policies contains identical provisions linking medical coverage to the covered vehicle, Mr. Keiper, a guest passenger, is entitled to benefits solely by virtue of his occupancy of the covered vehicle.

Additionally, each of Mr. Jones' insurance policies contains the following exclusionary clause:

What Is Not Covered.
THERE IS NO COVERAGE:

.    .    .    .    .

4. FOR MEDICAL EXPENSES FOR **BODILY INJURY**:
   a. SUSTAINED WHILE OCCUPYING OR THROUGH BEING STRUCK BY A VEHICLE OWNED BY **YOU**, **YOUR SPOUSE**, OR ANY **RELATIVE**, WHICH IS NOT INSURED UNDER THIS COVERAGE.... [Emphasis in original.]

The second quoted section of the policy further excludes coverage for injury sustained while occupying any vehicle owned by Mr. Jones that "is not insured under this" policy.

Other courts that have examined policies with similar exclusionary language have found the language unambiguous and have rejected the stacking of medical benefits. *See Sanchez v. Herrera,* 109 N.M. 155, 160, 783 P.2d 465, 470 (1989) (held that an insurance policy containing provisions similar to the provisions of Mr. Jones' policies "unambiguously reflects the agreement of the parties to exclude stacking of medical coverage" and refused to allow the son of the named insurer to stack medical coverage under his father's five separate policies); *State Farm Mut. Auto. Ins. Co. v. Scitzs,* 394 So.2d 1371 (Miss.1981) (held that the insured could not stack medical benefits coverage provided under two separate policies); *Miletello v. State Farm Mut. Auto. Ins. Co.,* 566 So.2d 676 (La.App.1990) (held that insureds could claim medical benefits only under the policy covering the vehicle they were occupying at the time of the accident); *Hempen v. State Farm Mut. Auto. Ins. Co.,* 687 S.W.2d 894 (Mo.1985) (refused to allow a named insured to stack medical coverage provided under a separate policy for a vehicle that was not involved in the accident); *Frank v. Allstate Ins. Co.,* 727 P.2d 577 (Okl.1986) (refused to allow stacking of medical coverage because the policy, by its terms, applied separately to each automobile insured under the policy). *But see State Farm Mut. Auto Ins. Co. v. Knauss,* 105 Nev. 407, 775 P.2d 707 (1989) (allowed stacking because the anti-stacking provisions consisting of five separate provisions did not satisfy statutory requirements of clear and prominently displayed stacking limitations); *State Farm Mut. Auto. Ins. Co. v. Castaneda,* 339 So.2d 679 (Fla.App.1976) *app. dismissed,* 359 So.2d 1211 (Fla.1978) (allowed stacking because all three policies provided coverage for family members who were struck by a highway vehicle while not occupying another automobile); *Lavin v. State Farm Mut. Auto. Ins. Co.,* 193 Kan. 22, 391 P.2d 992 (1964) (allowed stacking because the policy's exclusions created confu-

sion and ambiguity); *Hampton v. Thomas,* 433 So.2d 884 (La.App.1983) (allowed stacking because the policies contained no anti-stacking provisions).

In the present case, payment of up to $10,000 of Mr. Keiper's medical expenses is authorized because Mr. Keiper, a person unrelated to the named insured, was injured "while occupying ... a vehicle covered under the liability coverage," namely the 1984 Buick. However, because each of Mr. Jones' cars is insured under separate policies containing identical language, the only policy authorizing payment of Mr. Keiper's medical expenses is the policy covering the 1984 Buick. In addition, the exclusionary clause plainly states that Mr. Keiper is not entitled to stack his medical coverage from any other policies.

We also note that although we have allowed the stacking of uninsured motorist coverage based on the public policy mandate of *W.Va.Code* 33-6-31 [1988], there exists no statutory or other public policy requirement that would provide a basis for invalidating or modifying the anti-stacking language for medical benefits contained in an insurance policy. In Syllabus Point 3 of *Deel, supra,* we said:

> Insurers may incorporate such terms, conditions and exclusions in an automobile insurance policy as may be consistent with the premium charged, so long as any such exclusions do not conflict with the spirit and intent of the uninsured and underinsured motorists statutes.

Because the express anti-stacking language contained in Mr. Jones' insurance policies does not violate either the uninsured motorist statute or public policy, we find that Mr. Keiper is precluded from recovering medical expenses under any policy issued to Mr. Jones other than the policy covering the 1984 Buick.

For the above stated reasons the judgment of the Circuit Court of Jefferson County is affirmed.

Affirmed.