499 S.E.2d 619

**Vernon R. HAMRIC and Debra Hamric, Individually and as Guardians and Next Friends of Stacey Hamric, Appellants,**

v.

**John DOE and State Farm Mutual Automobile Insurance Company, Appellees.**

No. 23964.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 17, 1997.

Decided Dec. 5, 1997.

Scott S. Segal, Mark R. Staun, Lori A. Simpson, Charleston, for Appellants.

R. Carter Elkins, Laura L. Gray, Campbell, Woods, Bagley, Emerson, McNeer & Herndon, Huntington, for Appellees.

MAYNARD, Justice:

### *Facts*

In this case we are presented with two certified questions from the Circuit Court of Fayette County, West Virginia, regarding whether uninsured motorist coverage and/or medical payment coverage will be made available to Stacey Hamric under the insurance policies issued to her father by State Farm Mutual Automobile Insurance Company (State Farm).

The questions certified to this Court and the circuit court's answers are:

1. Whether the physical contact requirement of W.Va.Code § 33–6–31(e)(iii) is satisfied so that uninsured motorist coverage is available to Stacey Hamric, who was injured as a pedestrian while avoiding being struck by a vehicle driven by an unknown driver.

Circuit court's answer: NO

2. Whether the provisions of the State Farm policies providing medical payment coverage which provide that "the bodily injury through being struck as a pedestrian by a motor vehicle" prior to being applicable are satisfied when Stacey Hamric was injured as a pedestrian while avoiding being struck by a vehicle driven by an unknown driver.

Circuit court's answer: NO

The facts are not in dispute and were stipulated by the parties below. On September 9, 1994, Stacey Hamric, then twelve years old, and her friends, Leann Frame, Kirk Frame, and Hanna Frame, traveled from Braxton County to Midland Trail High School in Fayette County to attend a football game. The minors were accompanied to the game by adults George Keener, Audrey Keener, and Terry Frame. Upon arrival at Midland Trail High School, Terry Frame parked her vehicle on the berm of Route 60 across the road from the school since no parking was available on school property.

When the game ended, Terry Frame and Audrey Keener accompanied Stacey Hamric, Kirk Frame, and Hanna Frame out of the gate of Midland Trail High School, where they walked onto the berm of Route 60 and waited for traffic to clear so they could cross the road. While they were waiting, a vehicle operated by an unknown driver traveling on Route 60 swerved off the paved portion of the road surface and continued onto the berm directly toward the group. Terry Frame saw the careening vehicle bearing down on them and yelled to the children to get out of the way. Stacey Hamric jumped or was pushed by Terry Frame off the berm down into a ravine. The fall caused her to fracture her left ankle and leg. The parties all agree the unknown vehicle did not strike Stacey. The parties also agree that had Stacey not jumped out of the path of the oncoming vehicle, the vehicle unquestionably would have struck her.

Stacey is the daughter of Vernon Hamric and Debra Hamric. As a relative and a resident of her parents' home, Stacey quali-

fies as an additional insured under the six policies of automobile liability insurance issued by State Farm to Vernon Hamric. The six policies had the following pertinent coverages in force and effect on September 9, 1994:

1. Policy number 2494 489 48 providing medical payment coverage of $100,000 and uninsured motorist coverage of $100,000 per person and $300,000 per occurrence;

2. Policy number 2406 701 48 providing medical payment coverage of $25,000 and uninsured motorist coverage of $100,000 per person and $300,000 per occurrence;

3. Policy number 2175 661 48 providing medical payment coverage of $100,000 per person and uninsured motorist coverage of $100,000 per person and $300,000 per occurrence;

4. Policy number 1286 865 48 providing medical payment coverage of $25,000 and uninsured motorist coverage of $100,000 per person and $300,000 per occurrence;

5. Policy number 1970 899 48 providing medical payment coverage of $100,000 and uninsured motorist coverage of $100,000 per person and $300,000 per occurrence; and

6. Policy number 2070 788 48 providing medical payment coverage of $100,000 and uninsured motorist coverage of $100,000 per person and $300,000 per occurrence.

Vernon Hamric and Debra Hamric filed an action against John Doe and State Farm in circuit court, seeking recovery for the injuries sustained by their minor daughter. The Hamrics brought a declaratory judgment action asking the court to determine whether the uninsured motorist coverage and medical payments coverage were available under the policies issued by State Farm to Vernon Hamric. The Hamrics request recovery for payment of medical bills, gratuitous home health care, loss of consortium, mental anguish, loss of enjoyment of life and emotional distress.

The parties filed cross motions for summary judgment on the declaratory judgment action. The circuit court's September 27, 1996 order granted State Farm's motion for summary judgment by declaring that no uninsured motorist coverage benefits or medical payment benefits were available to the Hamrics because there had been no physical contact between the unknown vehicle and Stacey Hamric. The two questions previously noted were then certified to this Court.

## I. The Uninsured Motorist Statute Issue

The circuit court's first certified question to this Court is framed as follows:

Whether the physical contact requirement of West Virginia Code § 33–6–31(e)(iii) is satisfied so that uninsured motorist coverage is available to Stacey Hamric, who was injured as a pedestrian while avoiding being struck by a vehicle driven by an unknown driver.

W.Va.Code § 33–6–31 provides a mechanism by which insureds may recover uninsured motorist coverage benefits for bodily injury or property damage caused by an uninsured motor vehicle whose driver or operator is unknown. The statute encompasses the definition of a "hit and run" motor vehicle. W.Va.Code § 33–6–31(e)(iii) (1995) states in pertinent part:

(e) If the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured be unknown, the insured, or someone in his behalf, in order for the insured to recover under the uninsured motorist endorsement or provision, shall:

(iii) Upon trial establish that the motor vehicle, which caused the bodily injury or property damage, whose operator is unknown, was a "hit and run" motor vehicle, meaning a motor vehicle which causes damage to the property of the insured arising out of physical contact of such motor vehicle therewith, or which causes bodily injury to the insured arising out of **physical contact** of such motor vehicle with the insured or with a motor vehicle which the insured was occupying at the time of the accident. If the owner or operator of any motor vehicle causing bodily injury or property damage be unknown, an action may be instituted against the unknown defendant as "John Doe", in the county in which the accident took place or in any other county in which such action

would be proper under the provisions of article one [§ 56–1–1 et seq.], chapter fifty-six of this code[.] (Emphasis added).

The State Farm policies issued to Mr. Hamric state that an *"[u]ninsured [m]otor [v]ehicle* means ... a 'hit-and-run' motor vehicle whose owner or driver remains unknown and which strikes:

a. the *insured,*

b. the vehicle the *insured* is *occupying,* or

c. other property of the *insured* and causes *bodily injury* to the *insured* or *property damage."*

■ The parties agree the State Farm policies conform to the statutory requirements. The question we must answer is whether uninsured motorist coverage is available to Stacey Hamric under the particular set of facts presented in this case; in other words, we must determine the meaning of "physical contact" and "strikes" under West Virginia law. To begin with, we reiterate that " '[t]he uninsured motorist statute, West Virginia Code § 33–6–31 (Supp.1986), is remedial in nature and, therefore, must be construed liberally in order to effect its purpose.' Syllabus point 7, *Perkins v. Doe,* 177 W.Va. 84, 350 S.E.2d 711, 714 (1986)." Syllabus Point 1, *State Farm Mut. Auto. Ins. Co. v. Norman,* 191 W.Va. 498, 446 S.E.2d 720 (1994).

In the *Perkins* case, the Perkins, who were West Virginia residents, were traveling in Virginia when an oncoming unknown motorist crossed left of center and into the Perkins' lane, thereby causing Mr. Perkins to swerve to avoid the oncoming vehicle. The Perkins' vehicle struck an embankment and Mr. Perkins was rendered a quadriplegic. Unlike West Virginia, Virginia had no statutory "physical contact" requirement. This Court was asked to determine whether to apply Virginia or West Virginia law. This Court was also asked to determine whether any public policy or legal doctrine of West Virginia would operate to bar the Perkins' uninsured motorist claim. This Court concluded the law of Virginia applied and that "no public policy or legal doctrine operate[d] to bar the Perkins' claim on the uninsured

motorist endorsement." *Perkins,* 177 W.Va. at 87, 350 S.E.2d at 715 (footnote omitted).

■ More recently, in *State Farm Mut. Auto Ins. Co. v. Norman,* 191 W.Va. 498, 446 S.E.2d 720 (1994), this Court was asked to determine "[w]hether uninsured motorist coverage [was] available pursuant to W.Va. Code § 33–6–31 (1988) and State Farm policies of insurance for the death of an insured driver whose vehicle struck a tire of unknown origin lying on a public highway[.]" *Norman,* 191 W.Va. at 500, 446 S.E.2d at 722. In *Norman,* Ms. Barnett struck a large tire which was located on the edge of the left-hand lane of the interstate. She lost control of her vehicle, which then ran into a rock embankment. Ms. Barnett was thrown from the car and died as a result of the injuries she received. This Court concluded "that the insertion of a physical contact requirement in the uninsured motorist statute was a matter of legislative choice." *Id.,* 191 W.Va. at 507, 446 S.E.2d at 729. Nonetheless, the *Norman* Court went on to hold in syllabus point 2 that "[a]bsent specific coverage provisions to the contrary, uninsured motorist coverage is not available where an insured vehicle strikes a tire or other type of immobile object or debris which may be lying on a highway. In order to satisfy the 'physical contact' requirement set forth in W.Va.Code § 33–6–31(e)(iii), it is necessary to establish a **close and substantial physical nexus** between an unidentified hit-and-run vehicle and the insured vehicle." (Emphasis added).

Inasmuch as *Norman* did not discuss the specific meaning of the phrase "close and substantial physical nexus", we now revisit this area in order to put flesh on the skeletal bones of *Norman,* to take the next step and define what is meant by a "close and substantial physical nexus". We must do so by "accord[ing] every liberal extension to the remedial statute [without] judicially removing the meaning and frustrating the purpose of limiting language deliberately inserted into the statute." *Norman,* 191 W.Va. at 506, 446 S.E.2d at 728 (quoting *Smith v. Great American Insurance Co.,* 29 N.Y.2d 116, 324 N.Y.S.2d 15, 19, 272 N.E.2d 528, 531 (1971)).

This Court previously acknowledged that the purpose of the physical contact requirement is the prevention of fraud or collusion.

*Perkins,* 177 W.Va. at 87 n. 4, 350 S.E.2d at 714 n. 4. We remain strongly committed to the underlying policy of preventing fraud even though we are mindful that abandoning an objective standard in favor of a more subjective one increases the potential for fraud or collusion.

Ohio was faced with a situation similar to the one facing us today, but in a slightly different context. An insured was injured when she lost control of her car and it overturned after an unidentified vehicle swerved into her lane of traffic. The insured sought uninsured motorist coverage from her automobile insurer. The insurer denied coverage based on its determination that there was no physical contact between the vehicles.[1] The insured brought a declaratory judgment action against her insurer, asking that the physical contact requirement be declared invalid and unenforceable. The Ohio Supreme Court found the physical contact requirement to be contrary to public policy and stated further:

> We are persuaded that some of the rationale underlying the physical contact requirement is unjustified and that this absolute standard for recovery should be abandoned. Instead, we hold that the test that ought to be applied in cases where an unidentified driver's negligence causes injury is the corroborative evidence test, which allows the claim to go forward if there is independent third-party testimony that the negligence of an unidentified vehicle was a proximate cause of the accident.

*Girgis v. State Farm Mut. Auto. Ins. Co.,* 75 Ohio St.3d 302, 305, 662 N.E.2d 280, 282 (1996).[2]

■ We agree with the Ohio Supreme Court that absolute enforcement of the physical contact requirement is contrary to public policy. We believe the physical contact requirement should not bar recovery when there is sufficient independent third-party evidence to conclusively establish that the

sequence of events leading to an injury was initially set in motion by an unknown hit-and-run driver or vehicle. We therefore hold that a close and substantial physical nexus exists between an unidentified hit-and-run vehicle and the insured for uninsured motorist insurance coverage under W.Va.Code § 33–6–31(e)(iii) (1995) when an insured can establish by independent third-party evidence to the satisfaction of the trial judge and the jury, that **but for** the immediate evasive action of the insured, direct physical contact would have occurred between the unknown vehicle and the victim. The requirement now is that physical contact with an unknown vehicle be immediate and imminent and the danger is avoided only by the urgent evasive action of the insured. In the literature of this developing area of law, this is commonly referred to as the "but for" test. While this phrase might not have an intellectual ring, it certainly is accurate and descriptive and provides a practical, shorthand way to identify the rule.

■ The "but for" test is satisfied and the uninsured motorist claim can go forward only if the injured insured presents independent third-party testimony by disinterested individuals which clearly shows the negligence of an unidentified vehicle was a proximate cause of the accident. This is commonly called the corroborative evidence test. It would be impossible to say in advance what might constitute sufficient corroborative evidence in a given case, and while it is difficult to spell out what is independent third-party evidence, we believe we must be very clear about what is not adequate independent third-party testimony. Testimony by close family members, close personal friends, by those who might share in the award or have a direct pecuniary interest in the outcome of the case, and all others similarly situated is not testimony which is sufficient to allow the claim to proceed. Evidence from these witnesses standing alone is not adequate to

---

1. State Farm concluded there was no " 'hit and run' land motor vehicle" involved in the accident as was described by the insurance contract, and, therefore, the company was not obligated to pay the claim. *Girgis v. State Farm Mut. Auto. Ins. Co.,* 75 Ohio St.3d 302, 303, 662 N.E.2d 280, 281 (1996). The decision in this Ohio case was based

strictly on contract language rather than on a statute.

2. *See* note 1 of *Girgis, supra,* for a list of states that have adopted this rule or an even stricter rule.

meet the corroborative evidence test. This is not to suggest that family members would routinely perjure themselves; we believe most would not. However, if we are going to have a truly effective bright line rule which genuinely eliminates the very real potential for fraud, clear and simple guidelines must be established. We realize that to avoid fraud, the evidence needs to be free of taint or suspicion and be strong and reliable. Accordingly, to insure that this Court is not opening the door to fraud, the corroborative witnesses or other evidence must be absolutely and totally independent and reliable.

Blind adherence to the physical contact requirement wrongfully deprives insured individuals of any recovery under uninsured motorist coverage even when reliable, independent third-party testimony is available. We believe proper use of the independent corroborative evidence test should assist in preventing the filing of fraudulent claims, while at the same time the test should help avoid the injustice of prohibiting clearly legitimate claims where no physical contact has occurred. To the extent that our prior cases allowed recovery only after an insured proved at trial that his or her injuries were the result of actual physical contact with a hit-and-run vehicle, they are overruled.[3]

In the case at bar, Stacey Hamric's accident was witnessed by four adults, all of whom were clearly disinterested and independent. In fact, the parties stipulated that Stacey would have been struck by the unknown vehicle had she not moved out of the vehicle's path. This ameliorates the potential for fraud. We find the evidence in the case at bar satisfies both the "but for" test and the independent corroborative evidence test. Accordingly, we answer the first certified question affirmatively.

## II. The Medical Payment Provisions Issue

The second certified question, as set forth above, is:

Whether the provisions of the State Farm policies providing medical payment cover-

age which provide that "the bodily injury through being struck as a pedestrian by a motor vehicle" prior to being applicable are satisfied when Stacey Hamric was injured as a pedestrian while avoiding being struck by a vehicle driven by an unknown driver.

State Farm also denied coverage under the medical payment coverage (med-pay) provisions of the insurance policies because Stacey Hamric was not physically "struck" by the unknown vehicle. The med-pay provisions of the State Farm policies at issue provide:

**Persons for Whom Medical Expenses Are Payable**

We will pay medical expenses for *bodily injury* sustained by:

1. a. the first *person* named in the declarations;

   b. his or her *spouse;* and

   c. their *relatives.*

   These *persons* have to sustain the *bodily injury:*

   a. while they operate or *occupy* a vehicle covered under the liability section; or

   b. through being struck as a *pedestrian* by a motor vehicle or trailer.

   A *pedestrian* means a *person* not an occupant of a motor vehicle or trailer.

No statutory requirements govern medical payments coverage; therefore, we must look to the language of the policy to determine if coverage is available. This Court has previously said:

" 'Where provisions in an insurance policy are plain and unambiguous and where such provisions are not contrary to a statute, regulation, or public policy, the provisions will be applied and not construed.' Syl. Pt. 2, *Shamblin v. Nationwide Mut. Ins. Co.,* [175] W.Va. [337], 332 S.E.2d 639, 640 (1985)." Syllabus Point 2, *Deel v.*

---

3. For example, *Lusk v. Doe,* 175 W.Va. 775, 778, 338 S.E.2d 375, 378, unequivocally states, "In order for the insured to recover from the insurer, upon trial it must also be shown that the injuries were incurred after physical contact with the hit and run vehicle."

622

*Sweeney,* 181 W.Va. 460, 383 S.E.2d 92 (1989).

Syllabus Point 1, *Keiper v. State Farm Mut. Auto. Ins. Co.,* 189 W.Va. 179, 429 S.E.2d 66 (1993). An ambiguous insurance policy is defined as one that "is reasonably susceptible of two different meanings or is of such doubtful meaning that reasonable minds might be uncertain or disagree as to its meaning[.]" Syllabus Point 1, *Prete v. Merchants Property Ins. Co. of Indiana,* 159 W.Va. 508, 223 S.E.2d 441 (1976).

State Farm argues the med-pay provisions of the policies are clear and unambiguous and must be applied as written. Even though Stacey Hamric is an insured and was a pedestrian on September 9, 1994, State Farm argues she was not actually "struck" by a motor vehicle on that day. Therefore, under the policy language, no med-pay is available. Vernon Hamric and Debra Hamric argue that, under *Norman,* an insured does not have to be physically struck for coverage to be afforded. Rather, a "close and substantial physical nexus" must exist between an unknown hit-and-run vehicle and the insured.

We turn to 43 Am.Jur.2d *Insurance* § 632 (1982) for guidance. This provision states:

It has been held that the proper construction of the policy provision "struck by an automobile" does not necessitate physical contact of the body of the insured with the automobile as a prerequisite to recovery. Thus, such a policy provision was held to cover an injury to one who suffered an accident while attempting to avoid being struck by an oncoming automobile, and when in imminent danger of being struck, even though the moving car did not come in contact with his body. (Footnotes omitted).

Liberally construing the med-pay provisions of the State Farm policies, as our law requires us to do, and viewing the phrase "must be struck" or "through being struck" in light of the method and logic we just used to define "physical contact" under the uninsured motorist statute, we now concur with the construction outlined in Am.Jur.2d, *supra.* Since this phrase is "reasonably susceptible of two different meanings," we

believe it is ambiguous. "Ambiguous ... provisions of an insurance policy should be construed strictly against the insurer and liberally in favor of the insured[.]" Syllabus Point 2, in part, *Marson Coal Co. v. Ins. Co. of State of Pennsylvania,* 158 W.Va. 146, 210 S.E.2d 747 (1974).

▮ Even though Stacey Hamric was not actually physically "struck" by the unknown vehicle, a liberal construction of the med-pay provisions of the insurance policies allows this claim to go forward. In the instant case, there simply is no doubt the actions of a negligent automobile driver proximately caused Stacey Hamric's injury. The parties stipulated that "but for" the evasive actions of Stacey Hamric, she would have been struck. No less than four disinterested adults witnessed the accident. These witnesses can provide the necessary independent third-party testimony to meet the corroborative evidence requirement.

We therefore hold that medical coverage benefits should be available to an insured under the medical payments coverage provisions of his or her automobile insurance policy or policies when an insured is struck as a pedestrian in the same way coverage is available under the uninsured motorist statute. In order for the claim to go forward, the insured must satisfy the same tests that must be satisfied in order for a claim to proceed under the uninsured motorist statute. These tests include the "but for" test and the corroborative evidence test. Accordingly, we answer the second certified question affirmatively.

▮ We pause here to note that this Court has unequivocally declared that "although we have allowed the stacking of uninsured motorist coverage based on the public policy mandate of *W.Va.Code* 33–6–31 [1988], there exists no statutory or other public policy requirement that would provide a basis for invalidating or modifying the anti-stacking language for medical benefits contained in an insurance policy." *Keiper v. State Farm Mut. Auto. Ins. Co.,* 189 W.Va. 179, 183, 429 S.E.2d 66, 70 (1993). We now reiterate that the stacking of medical coverages and benefits is not permissible when the

language of an insurance policy prohibits such stacking. Thus, the trial court must determine whether or not any of these six insurance policies contain anti-stacking language and determine coverage accordingly.

For the foregoing reasons, we find the Hamrics' claims for uninsured motorist benefits and medical benefits should be allowed to proceed if they satisfy the "but for" test and the corroborative evidence test, both of which are articulated in this opinion.

Certified questions answered.

DAVIS, J., deeming herself disqualified, did not participate in the decision of this case.