569 S.E.2d 443

Matthew EDWARDS, as Personal Representative for the Estate of Jeremy Matthew Edwards; Donald Ray Wood, as Personal Representative for the Estate of Jennifer Dawn Wood; James D. Wood, as Personal Representative for the Estate of Deborah Sue Mays; and Jessica Lynn Spradling, Plaintiffs Below, Appellees,

v.

BESTWAY TRUCKING, INC., an Indiana Corporation, Defendant Below, Appellant,

Albert Victor Mays; State Farm Mutual Automobile Insurance Company, a Maryland Company; Sentry Insurance a Mutual Company, a Virginia Company; and John Deere Insurance Company, an Illinois Company, Defendants Below, Appellees.

and

Matthew Edwards, as Personal Representative for the Estate of Jeremy Matthew Edwards; Donald Ray Wood, as Personal Representative for the Estate of Jennifer Dawn Wood; James D. Wood, as Personal Representative for the Estate of Deborah Sue Mays; and Jessica Lynn Spradling, Plaintiffs Below, Appellants,

v.

Bestway Trucking, Inc., an Indiana Corporation; Albert Victor Mays; State Farm Mutual Automobile Insurance Company, a Maryland Company; Sentry Insurance a Mutual Company, a Virginia Company; and John Deere Insurance Company, an Illinois Company, Defendants Below, Appellees.

No. 30122, 30123.

Supreme Court of Appeals of West Virginia.

Submitted May 21, 2002.

Decided June 17, 2002.

Lonnie C. Simmons, Esq., Franklin S. Fragale, Jr., Esq., Fragale and Simmons, Charleston, for Matthew Edwards.

L. Dante DiTrapano, Esq., J. Timothy DiPiero, Esq., DiTrapano, Barrett & DiPiero, Charleston, for James D. Wood.

C. Michael Bee, Esq., Hill, Peterson, Carper, Bee & Deitzler, PLLC, Charleston, for Jessica Lynn Spradling, et al.

Robert L. Massie, Esq., Marc E. Williams, Esq., Huddleston, Bolen, Beatty, Porter & Copen, LLP, Charleston, for Appellant Bestway Trucking, Inc.

Franklin L. Gritt, Jr., Esq., Winfield, for Albert Victor Mays.

Gary E. Pullin, Esq., Pullin, Knopf, Fowler & Flanagan, Charleston, for State Farm Insurance Company.

David L. Wyant, Esq., Patricia K. Gaudoin, Esq., Bailey & Wyant, PLLC, Wheeling, for Appellee Sentry Select Insurance Company.

1. Two appeals have been filed in this matter. Both involve the same factual and legal issues, and it appears that the parties agree that the interests of judicial economy and efficiency would best be served by consolidating them. The Court has, therefore, consolidated them.

## PER CURIAM.

This is an appeal by Matthew Edwards, Personal Representative of the Estate of Jeremy Matthew Edwards; Donald Ray Wood, Personal Representative of the Estate of Jennifer Dawn Wood; James D. Wood, Personal Representative of the Estate of Deborah Sue Mays; and Jessica Lynn Spradling, from an order entered by the Circuit Court of Kanawha County in a personal injury action.[1] The circuit court ruled that a general umbrella liability insurance policy issued by John Deere Insurance Company, the predecessor of the appellee Sentry Insurance Company, did not cover a vehicle driven by Albert Victor Mays at the time of a vehicle accident which killed Jeremy Matthew Edwards, Jennifer Dawn Wood, and Deborah Sue Mays, and which severely injured Jessica Lynn Spradling. On appeal, the appellants claim that the circuit court's ruling was erroneous and that the court should have ruled that the policy did cover Mr. Mays at the time of the accident in question.

### I.

### FACTS

Albert Victor Mays, one of the parties in the present action, was a manager of Vision Automotive Group, LLC, and also sold vehicles outside the Elkins, West Virginia, area for the operation. To assist Mr. Mays in selling its automobiles, Vision Automotive Group, LLC, provided him with demonstrator vehicles.

Vision Automotive Group, LLC, maintained a commercial umbrella/excess liability insurance policy with John Deere Insurance Company, the predecessor of appellee Sentry Insurance Company, a mutual company. The commercial umbrella/excess liability insurance policy provided:

> If the following are employed by you or are acting on your behalf in the conduct of

The parties named as appellants were designated appellants in one appeal and appellees in the second. The actual characterization of them does not affect the outcome of this case. The designation "appellants" is applied to facilitate the discussion of the case.

your business to which this insurance applies, they are also insureds:

\* \* \* \* \* \*

10. Any person ... using an "auto" which you own ... providing the actual ... use is by you or with your permission.

The phrase "conduct of your business" was not defined in the policy.

On January 30, 2000, Albert Victor Mays, while driving a demonstrator vehicle which had been provided by Vision Automotive Group, LLC, was involved in an accident near the Nitro–St. Albans I–64 bridge outside of Nitro, West Virginia. At the time, Mr. Mays was driving a group of individuals to church. Jeremy Matthew Edwards, Jennifer Dawn Wood and Deborah Sue Mays, who were in the vehicle, were killed. Jessica Lynn Spradling, another passenger, sustained severe personal injuries.

Following the accident, a question arose as to whether the general umbrella liability insurance policy issued by John Deere Insurance Company covered Albert Victor Mays at the time of the accident. To resolve the question, the personal representatives of the Estates of Jeremy Matthew Edwards, Jennifer Dawn Wood, and Deborah Sue Mays, as well as Jessica Lynn Spradling, in the present personal injury action prayed that the Circuit Court of Kanawha County issue a declaratory ruling relating to coverage. Following the filing of the action, various briefs, exhibits and depositions were submitted to the court and the case was orally argued. Ultimately, the court ruled that the coverage under the commercial general umbrella policy did not cover Albert Victor Mays' vehicle at the time of the accident since he was not, in fact, "on his way to sell or meet with a potential customer on the day of the accident."

In reaching its decision, the court noted that Mr. Mays had testified in his deposition that he did not have a potential specific customer for the vehicle at the church on the day of the accident. The court noted that the testimony proceeded as follows:

Q. Now, do I understand your testimony earlier that you didn't have a particular customer on the jeep that you were operating on the day of the accident?

A. [Mr. Mays] Not the day of the accident.

Q. What I'm getting at is, you weren't taking that vehicle to church for the purpose of providing it to show to somebody or try to sell?

A. No, sir.

Q. And you were going to church at the time of the accident?

A. Yes, sir.

The court concluded from this:

The record is clear that what we have here factually is a father/husband taking his family to church at the time of the accident. This purely private endeavor does not rise to the level of acting in the "conduct of [his] business" [within the meaning of the policy in question].

In the present proceeding, the appellants claim that the trial court erred in concluding that the coverage of the general commercial umbrella liability policy in question was not available to Albert Victor Mays at the time of the accident in question.

## II.

## STANDARD OF REVIEW

In Syllabus Point 4 of *Burgess v. Porterfield,* 196 W.Va. 178, 469 S.E.2d 114 (1996), the Court stated: "This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo.*"

## III.

## DISCUSSION

Reduced to its essentials, the Court believes that the issue in this case is whether the policy issued by John Deere Insurance Company covers the accident in the present case. The specific language of the policy provides: "If the following ... are acting on your behalf in the conduct of your business ... they are also insureds: ... Any person ... using an 'auto' which you own ... pro-

viding the actual ... use is ... with your permission."

According to the operating agreement of Vision Automotive Group, LLC, the purpose of Vision Automotive Group was: "To develop, acquire and operate automobile sales operations in West Virginia and other states and to engage in any lawful business or activity which may be conducted by a limited liability company organized under the Act."

The undisputed evidence developed showed that Vision Automotive Group, LLC, was in the business of selling automobiles, and further that Albert Victor Mays was regularly given demonstrator automobiles to drive as a means of marketing and selling vehicles outside the Elkins, West Virginia area. Mr. Mays normally drove each demonstrator automobile until it had 5,000 miles on it, at which time he returned it to Vision's operation at Elkins, and received a new demonstrator vehicle. Mr. Mays had sold as many as 60 to 70 Vision Automobile vehicles prior to the accident which gave rise to this case. One sale was the sale of a vehicle to the pastor of his church.

There is no question, and, in fact, the trial court found that Vision Automotive Group, LLC, regularly allowed and encouraged Mr. Mays, as well as other members of the operation, to drive demonstrator vehicles to market and generate sales outside the Elkins, West Virginia, area. In effect, the evidence showed that on the day of the accident, Mr. Mays was using the vehicle involved in the accident with the permission of Vision Automotive Group, LLC.

Looking at the facts, this Court believes that they plainly support the conclusion that Albert Victor Mays was using an "auto" owned by Vision Automotive Group, LLC, with the permission of Vision Automotive Group, LLC, on the day of the accident. The only real question in this case is whether Albert Victor Mays was "acting on your [Vision Automotive Group's] behalf in the conduct of your [Vision Automotive Group's] business."

■ Under West Virginia's law, an insurance policy is considered to be ambiguous if it can reasonably be understood in two different ways or if it is of such doubtful meaning that reasonable minds might be uncertain or disagree as to its meaning. *Hamric v. Doe,* 201 W.Va. 615, 499 S.E.2d 619 (1997); and *Prete v. Merchants Property Insurance Company of Indiana,* 159 W.Va. 508, 223 S.E.2d 441 (1976).

In the context of the present case, this Court believes that the policy language, "conduct of your business," is somewhat ambiguous in the sense that it is not clear to a reasonable mind whether the driving of a vehicle on a Sunday, under the circumstances presented in this case, involved an action in the conduct of Vision Automotive's business.

■ Where the language in an insurance policy is ambiguous, this Court has recognized that the doctrine of "reasonable expectations" applies. That doctrine holds that the objectively reasonable expectation of applicants and intended beneficiaries regarding the terms of insurance contracts will be honored even if a painstaking study of the policy terms would negate those expectations. *National Mutual Insurance Company v. McMahon & Sons, Inc.,* 177 W.Va. 734, 356 S.E.2d 488 (1987). *See also, State Bancorp, Inc. v. United States Fidelity and Guaranty Insurance Company,* 199 W.Va. 99, 483 S.E.2d 228 (1997).

In the present case, Albert Victor Mays testified that it was his understanding and expectation that any person who had permission to drive a vehicle owned by Vision Automotive Group, LLC, was entitled to be protected by the full coverage of the policy issued by John Deere Insurance Company. Common sense suggests that this would be a reasonable and appropriate expectation for an individual with business knowledge who was aware of the existence of insurance and who undertook to drive a vehicle owned by another.

■ Another principle of insurance law holds that if an insurance policy term is ambiguous, it should be strictly construed against the insurer and in favor of the insured. *National Mutual Insurance Company v. McMahon & Sons, Inc., supra.* When the present policy language is strictly construed against the insurer and in favor of Mr. Mays, the Court believes that it covers the type of accident involved in the present case. Thus, the application of this rule to the language in question also supports a finding

that the policy provided coverage to Albert Victor Mays at the time of the accident giving rise to this case.

Overall, the Court believes that when the policy provision in issue is properly construed, it provides coverage to Albert Victor Mays at the time of the accident in question. The Court also believes that the circuit court erred in not so finding.

For the reasons stated, the judgment of the Circuit Court of Kanawha County is reversed, and this case is remanded with directions that the circuit court hold that the umbrella liability insurance policy issued by John Deere Insurance Company, the predecessor of Sentry Insurance Company, did cover the vehicle driven by Albert Victor Mays at the time of the accident involved in this case.

Reversed and remanded with directions.