600 S.E.2d 229

**Cheryl ELLISON, individually and as Natural Guardian and next friend of Cody Poole and Lacrisha Kimes, Plaintiffs Below, Appellants,**

v.

**John DOE, Nationwide Mutual Insurance Company and Kristy M. Foutty, Defendants Below, Appellees.**

**No. 31573.**

Supreme Court of Appeals of West Virginia.

Submitted: Feb. 25, 2004.

Filed: June 18, 2004.

---

fenses, the less serious offenses. By regulation, violations of the motor vehicle code falling under West Virginia Code § 17C–5–1 *et seq.* "shall be included as Group III offenses." W.Va.R. *W.Va. State Police* § 81–10–11.3.1.7.

**11.** *See supra* note 10.

Christopher P. Bastien, Esq., Gerald R. Lacy, Esq., Bastien & Lacy, Charleston, for Appellants.

Anita R. Casey, Esq., Donna S. Quesenberry, Esq., MacCorkle, Lavender & Casey, Charleston, for Appellees.

PER CURIAM.

The appellants Cheryl Ellison, individually and as next friend of Cody Poole and Lacrisha Kimes, appeal from a circuit court order granting summary judgment in favor of the appellee Nationwide Mutual Insurance Company. In granting summary judgment, the circuit court found that the statement of a driver involved in the traffic accident, standing by itself, cannot support a finding that a second unknown vehicle was a proximate cause of the accident.

We affirm the circuit court's order.

## I.

In June of 1998, the appellants were passengers in a van owned by Argil Kimes and driven by Kristy Foutty.[1] Nationwide Mutual Insurance Company ("Nationwide") insured Mr. Kimes' van.

While driving on the interstate, Ms. Foutty lost control of the van; the van struck a section of a retaining wall, and then the van rolled onto its top. An investigating police officer arrived within minutes of the accident. Ms. Foutty gave a statement describing the events that immediately preceded the accident to the investigating police officer. In her statement, Ms. Foutty told the officer that she lost control of the van while swerving to avoid another vehicle that had veered into her lane.[2] The investigating officer included Ms. Foutty's statement in his accident report.

The appellants filed a complaint in circuit court against the appellees. The parties reached a settlement on all the outstanding issues except uninsured motorist benefits.

Nationwide then filed a motion for summary judgment, arguing that the appellants were not entitled to uninsured motorist coverage because the evidence offered was not sufficient to support the appellants' claim that another vehicle was a proximate cause of the accident.

The circuit court admitted the officer's accident report into evidence. Each party then submitted an affidavit from the police officer. In a July 2002 affidavit provided to the appellees, the police officer stated that the description contained in his accident report of a second vehicle causing the accident was based "solely on the verbal statement of the driver Kristy Foutty." The investigating officer further stated that he could find no other evidence "which would have been indicative of the presence of a second vehicle," and that "it is my [the investigating officer's] conclusion that Ms. Foutty lost control of the vehicle and subsequently, caused the vehicle to overturn on its top." In October 2002, the investigating officer provided an affidavit to the appellants in which he stated that he had found no evidence that disproved Ms. Foutty's version of the events immediately preceding the accident.

The circuit court heard arguments on the motion to dismiss, and on December 19, 2002, entered an order granting summary judgment in favor of appellee Nationwide.

In dismissing the appellants' complaint, the circuit court found as a matter of law that the evidence tendered was not sufficient to show that a second vehicle was a proximate cause of the accident.

This Court affirms the circuit court's order granting summary judgment for the appellees.

## II.

The controlling question is whether the circuit court erred in granting the appellee summary judgment. "A circuit court's entry of summary judgment is reviewed *de*

---

1. At the time of the accident, Ms. Foutty was Argil Kimes' girlfriend.

2. All of the passengers in the van, other than Ms. Foutty, were asleep at the time of the accident.

novo." Syllabus Point 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994).

■ To recover uninsured motorist benefits, under *W.Va.Code*, 33–6–31(e)(iii) [1995], for damages resulting from an automobile accident caused by a "phantom vehicle," the insured must normally establish that physical contact occurred between the two vehicles. When the insured cannot show actual physical contact, to recover uninsured motorist coverage, the insured must show through sufficient corroborative evidence, a "close and substantial physical nexus" between the phantom vehicle and the vehicle in which the insured were riding. *State Farm Mutual Automobile Insurance Company v. Norman*, 191 W.Va. 498, 507, 446 S.E.2d 720, 729 (1994) ("In order to satisfy the 'physical contact' requirement set forth in *W.Va.Code*, 33–6–31(e)(iii), it is necessary to establish a close and substantial physical nexus between an unidentified hit-and-run vehicle and the insured vehicle.").

■ To demonstrate a "close and substantial physical nexus" through corroborative evidence, the insured must "establish by independent third-party evidence to the satisfaction of the trial judge and the jury, that *but for* the immediate evasive action of the insured, direct physical contact would have occurred between the unknown vehicle and the victim." Syllabus Point 3, in part, *Hamric v. Doe*, 201 W.Va. 615, 499 S.E.2d 619 (1997) (emphasis added). "The 'but for' test is satisfied and the uninsured motorist claim can go forward only if the injured insured presents independent third-party testimony by disinterested individuals which clearly shows the negligence of an unidentified vehicle was a proximate cause of the accident." Syllabus Point 4, *Hamric v. Doe*.

■ This Court created the corroborative evidence standard to "soften" the stringent, and often unfair, standard of actual physical contact required by *W.Va.Code*, 33–6–31(e)(iii) [1995]. "Blind adherence to the physical contact requirement wrongfully deprives insured individuals of any recovery under uninsured motorist coverage even when reliable, independent third-party testimony is available. We believe proper use of

the independent corroborative evidence test should assist in preventing the filing of fraudulent claims, while at the same time the test should help avoid the injustice of prohibiting clearly legitimate claims where no physical contact has occurred." *Hamric*, 201 W.Va. at 617, 499 S.E.2d at 621.

■ What constitutes sufficient corroborative evidence will vary according the facts of each case. However, because of the possibility for fraud or collusion, the testimony—standing alone—of family members, close friends, and those who might share in or have a direct pecuniary interest in the award is not sufficient corroborative evidence on which to allow an uninsured motorist claim to proceed. *Hamric*, 201 W.Va. at 620–621, 499 S.E.2d at 624–625 ("evidence from these witnesses standing alone is not adequate to meet the corroborative evidence test"). Evidence admitted as corroborative evidence must be independent, strong, reliable, and otherwise free of suspicion to avoid the possibility of fraud. 201 W.Va. at 621, 499 S.E.2d at 625.

The appellants argue that the circuit court erred in finding that Ms. Foutty's statement did not satisfy the criteria set forth in *Hamric v. Doe* for independent third-party evidence sufficient to support a claim for uninsured motorist coverage.

The appellants offer no proof of actual physical contact between the van and phantom vehicle; therefore, the appellants must establish, under *Hamric*, a "close and substantial physical nexus" that a second vehicle was a proximate cause of the accident through corroborative evidence. No one other than Ms. Foutty viewed the accident. The appellants were all sleeping at the time of the accident and did not witness the events that caused the accident. The investigating officer found no independent evidence that suggested a second vehicle was present or was the proximate cause of the accident.

The only evidence that tends to show the existence of a phantom vehicle is Ms. Foutty's statement. When she gave her statement, Ms. Foutty was a potential defendant who could have been found at fault for the

subject accident.[3] The appellants suffered serious and permanent physical injuries because of the accident. When giving her statement, Ms. Foutty had an interest in shifting blame for the overturned van from herself to someone else.[4]

To support a claim involving a phantom vehicle, the corroborative evidence offered must be independent and free from taint or suspicion. As the driver of the wrecked van, Ms. Foutty was neither an independent nor disinterested witness when she gave her statement regarding the phantom vehicle. Standing alone, Ms. Foutty's statement does not qualify as sufficient corroborative evidence worthy to establish that another vehicle was a proximate cause of the accident. The circuit court correctly found that Ms. Foutty's statement was insufficient corroborative evidence to allow the appellants' claim to go forward.

### III.

Therefore, we affirm the circuit court's order granting summary judgment in favor of the appellees.

Affirmed.

---

**3.** The investigating officer cited Ms. Foutty with failure to control her vehicle and driving without an operator's license.

**4.** This Court has no reason to doubt the veracity of Ms. Foutty's version of events.